NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Tel: 212-220-3830
Fax: 212-220-3780
Attorneys for Petitioner
OUR FILE:    10000641 GSR/DRH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF<br>D'ONOFIO GENERAL CONTRACTOR CORP.,<br>AS OWNER OF THE M/V LUCIE JO FOR<br>EXONERATION FROM AND LIMITATION<br>OF LIABILITY | 16 Civ.<br><br><br>**COMPLAINT** |

-----------------------------------------------------------------X

Petitioner, D'ONOFIO GENERAL CONTRACTOR CORP. ("Petitioner" or "D'ONOFIO") as Owner of the M/V LUCIE JO (the "vessel"), brings this action for exoneration from and limitation of liability pursuant to Title 46 U.S.C. § 30501 et seq. (formerly 46 U.S.C. App. § 183) and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alleges the following upon information and belief:

### JURISDICTION/VENUE

FIRST:   This Court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

SECOND:   Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as a suit has been commenced against the Petitioner in the Supreme Court of the State of New York,

County of Kings captioned *Edward Safer, Jr. v. D'Onofrio General Contractors Corp.*, et al., Index No. 503172/2016.

## THE PARTIES

THIRD:  At all relevant times, Petitioner was and is the owner of the M/V LUCIE JO and has a place of business located at 202 28th Street, Brooklyn, New York 11232.

FOURTH:  Claimant EDWARD SAFER, JR. ("SAFER") was a seaman onboard the M/V LUCIE JO on September 10, 2015.

## THE LIMITATION OF LIABILITY PETITION

FIFTH:  At and during all times mentioned herein, the Petitioner was the sole owner of the M/V LUCIE JO.

SIXTH:  On or about September 10, 2015, SAFER was working on the M/V LUCIE JO. While working on the vessel M/V LUCIE JO, SAFER allegedly slipped and injured his knee.

SEVENTH:  Written Notice of Claim was received by Petitioner regarding this incident on or about January 21, 2016.

EIGHTH:  At and during all times mentioned herein, the Petitioner exercised due diligence to make the M/V LUCIE JO seaworthy in all respects.

NINTH:  If any loss, damage, injury or death was sustained by SAFER as aforesaid, such loss, damage, injury or death was in no way caused by fault, negligence, recklessness or want of due care on the part of the M/V LUCIE JO, Petitioner or other parties for whom Petitioner may be held responsible. Rather, any such loss, damage, injury or death was occasioned and incurred wholly without the fault, privity or knowledge of the Petitioner.

TENTH:  It is anticipated that SAFER will seek damages in an amount that will exceed the total sum or sums for which Petitioner may be legally responsible or may be required

to pay under applicable statutes and laws governing exoneration from and limitation of liability. All claimants and suitors of whom Petitioner has knowledge as of the time of filing this Petition are named in Paragraph FOURTH above.

ELEVENTH: The M/V LUCIE JO has a sound market value of Thirty Thousand United States Dollars ($30,000.00), currently and at the time of the September 10, 2015, incident. Petitioner will offer herewith an Ad Interim Stipulation of Value in the amount of Thirty Thousand United States Dollars ($30,000.00).

TWELFTH: This Petition is filed within six (6) months from the date of the first written notice of claim.

THIRTEENTH: Petitioner claims exoneration from, and/or limitation of liability for, any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and alleges that it has valid defenses thereto both on the facts and on the law.

FOURTEENTH: Petitioner claims the benefits of the limitation of liability provided in Title 46, United States Code, §30501 et seq. (formerly Title 46 United States Code, § 183 et seq.), and pursuant to Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, will deposit with the Court, for the benefit of claimants, a sum equal to the amount or value of the M/V LUCIE JO and pending freight.

WHEREFORE, Petitioner prays that this Honorable Court:

1. Issue an order directing the issuance of a Monition to all persons claiming damages for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident, directing each of them to appear and make due proof of their respective claims, and also to appear

and answer the allegations of this Petition according to the law and practice of this Court on or before a certain time to be fixed by said monition;

2. Issue an order restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from the Petitioner for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident and restraining the commencement or prosecution thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction, except in the proceeding herein, against the Petitioner, its agents or representatives, or against the M/V LUCIE JO in respect of any claim or claims arising out of the aforesaid incident;

3. Adjudge and decree that the Petitioner is not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident;

4. That if the Petitioner should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the vessel immediately following said incident, and that the Petitioner be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided <u>pro rata</u> according to the pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that a decree may be entered discharging the Petitioner and the vessel from all further liability; and

5. That the Petitioner may have such other, further and different relief as may be just and proper.

Dated:        New York, New York
              July 20, 2016

                              NICOLETTI HORNIG & SWEENEY
                              Attorneys for Petitioner
                              D'ONOFRIO GENERAL CONTRATOR CORP.

                              By: _____
                                 David R. Hornig (DH-1599)
                                 Guerric S.D.L. Russell (GR-4845)
                                 Wall Street Plaza
                                 88 Pine Street, 7th Floor
                                 New York, New York 10005
                                 Tel: 212-220-3830
                                 Fax: 212-220-3780
                                 E-mail: dhornig@nicolettihornig.com
                                 (FILE No.:10000641 GSR/DRH)

X:\Public Word Files\1\641\Legal\COMPLAINT.sa.doc